FUNERAL FINANCIAL SERVICES, LTD., Wade Funeral Home Acquisition, Inc., Mortuary Financial Services, Inc. and Anderson Funeral Service, Ltd., individually, and on behalf of all others similarly situated, Plaintiffs,

v.

NOS COMMUNICATIONS, INC., Defendant.

No. 98 C 3331.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 21, 1998.

Andrew K. Miller, Forman & Miller, Chicago, IL, for Plaintiffs.

Jeffery Moore Cross, Christopher Todd Sheean, Kelley, Drye & Warren, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

On May 21, 1998, plaintiffs filed a two count putative class action complaint against defendant in the Circuit Court of Cook County, Illinois, alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, and common law fraud. Plaintiff alleges that defendant, a provider of telecommunications services, misrepresented its billing rates and procedures in order to entice plaintiff and others similarly situated to switch from their existing telecommunications carrier to defendant. Plaintiffs allege that defendant, in contrast to its written advertisements and oral solicitations, as well as its contract with plaintiffs, charged plaintiffs based on Telephone Calling Units instead of minutes; included an additional charged for dialing a telephone number; and included a "profit factor" for each completed telephone call. As a result, plaintiffs allege that defendant has "overcharged them."

On June 1, 1998, defendant removed the case to this court, arguing that as an inter-exchange telecommunications carrier it is subject to the federal government's comprehensive scheme for regulation of communications as administered by the Federal Communications Commission ("FCC"). Under the Communications Act of 1934, 47 U.S.C. § 203(a, c), defendant's rates are completely controlled by tariffs filed with the FCC. Defendant argues that plaintiffs have artfully plead to "avoid any mention of the rate setting and rate charging mechanism for long distance telephone calls mandated by Congress." Therefore, according to defendant, the complaint in reality is a claim for failure to comply with the tariff and raises a federal question. Plaintiff has moved to remand, arguing that its state law fraud claims are not challenges to the tariff and therefore not preempted by the Act.

Section 203(a) of the Communications Act requires every common carrier to file with the FCC tariffs showing all charges and all classifications, practices and regulations affecting such charges. *American Telephone & Telegraph Company v. Central Office Telephone, Inc.*, — U.S. —, 118 S.Ct. 1956, 1962, 141 L.Ed.2d 222 (1998). The section makes it unlawful for a carrier to provide to any person any privilege or facility or employ or enforce any classification, regulation or practices affecting such charges except as provided in the tariff. *Id.* Thus it would be unlawful for defendant to charge plaintiffs any rate other than that which is provided in its tariff filed with the FCC.

 Because the Communications Act is modeled on the Interstate Commerce Act, the "filed-rate" doctrine associated with that act's tariff provisions applies. *Id.* Under that doctrine, deviation from the filed charge is not permitted upon any pretext, and carriers and customers are charged with notice of it and must abide by it unless the FCC finds it unreasonable. Ignorance or misquotation of rates is not an excuse for paying or charging less or more that the rate filed. *Id.* at 1962–63. "Thus, even if a carrier intentionally misrepresents its rate and the customer relies on the misrepresentation, the carrier cannot be held to the promised rate if it

conflicts with the published tariff. *Id.*" The tariff filed is the equivalent of a federal regulation, a suit to enforce it or to invalidate it as unreasonable arises under federal law, and any contractual claim is preempted by federal law. *Cahnmann v. Sprint Corporation*, 133 F.3d 484, 489 (7th Cir.1998).

 Plaintiffs argue, however, that because they are not attacking the validity of the tariff or the actual rates charged, their claims are protected by the Act's savings clause, which in effect preserves all causes of actions for breach of duties not preempted by the Act. 47 U.S.C. § 414. Plaintiffs assert that they have sued for defendant's act of misrepresenting its charges, without revealing other costs. This, they argue, is a claim of simple fraud, adjudication of which does not require determining the validity of the tariff.

The Seventh Circuit in *Cahnmann* accepted the validity of this argument by stating that the proper application of the savings clause is illustrated in *In re Long Distance Telecommunications Litigation*, 831 F.2d 627, 633–34 (6th Cir.1987), in which a carrier was accused of representing that its rates were lower than the competitors without revealing that, unlike the competitor, it charged its customers for uncompleted calls. Thus, it appears that it is possible for plaintiffs to plead a state law fraud or misrepresentation claim that is not preempted by the Act. But they have not done so. Plaintiffs' argument that they are seeking damages represented by the difference between what they paid defendant and what they would have paid their previous carriers is belied by the relief requested in the two fraud counts, which is identical to that which would be requested in a contract claim: damages for being overcharged. Indeed, plaintiffs' complaint does not even allege that they are paying defendant more that they paid their previous carriers. Thus, as pled, plaintiffs' fraud counts are just another name for "breach of contract," *Cahnmann*, 133 F.3d at 490, and plaintiffs' complaint is either an artfully pled contract claim as defendant asserts, or a very poorly drafted fraud claim. In either event, the relief sought is damages for overcharging, which is preempted by fed-

eral law. Accordingly, plaintiff's motion to remand is denied. This matter is set for a report on status on September 16, 1998, at 9:00 a.m.